Thank you very much, Your Honor, and all of Your Honors, good afternoon. My name is Robert Burke, B-E-R-K-E, Burke Law Offices, Inc., for the petitioner Ho Yim. And aspirationally, Your Honor, if I could reserve two minutes for my rebuttal argument, that would be greatly appreciated. So diving right in, I think there's one issue that sort of umbrellas, you know, the three points of what we're making fundamentally in our brief, and that is that permission and authorization are simply not the same thing. So this affects not only the Chevron deference issue, this also affects have they come up with a, have they permissibly, have they come up in a And of course, the third thing is, even if this court were to find that they owe deference, that it's a permissible construction, then three, we have a statute in California that still doesn't match what they've articulated here to be a generic definition of perjury. Well, on the flip side, though, you're saying that all goes your way, but on the flip side, and I'm just saying this hypothetically, we can choose not to give deference to matter of Alvarado, and then we could still rule against you and do it in the first instance, right? Of course you could. So I mean, all of those things are on the table. Correct. And I think they all kind of resolve in the same way. I mean, let's say hypothetically that this court were not to give full Chevron deference to Alvarado. Hypothetically, I haven't made my arguments beyond the brief in that. But if this court were to say, look, we don't have to give full Chevron deference to Alvarado, and this court were looking at what would we do in this case, or what would we instruct the board do to this case, or would we just grab this away from the board in the first place? I think it's very important to bear in mind that this definition that the board just came up with is not only going to affect people in immigration proceedings. This definition that the board came up with actually has some relevance, actually has some application, even in a criminal court, even in front of a court. I'm just curious, these cases where we have all that issue, where we're comparing the federal statute and the California and 118, the perjury statute. It was interesting to me, because I'm a former California judge and lawyer, these people don't see perjury really all that often. These people all went to prison on perjury. Oh, yes. Why did your client go to... What was the perjury your client was convicted of? On a DMV form, Your Honor, where it said the magic words under penalty of perjury, and he executed. Oh, okay, because usually the people that I saw that went to prison usually lied in a murder case or something like that. It was a little bit different than what the perjuries I've usually seen. I was just curious. Your Honor, taking it off script just a second, but it's the thing that bothers me the most about what the board has done here. I'm getting into a little bit of policy level, but if you look at this from a perspective of it, nobody's allowed to use deadly force. It's not permitted to use deadly force. There are certain people who are authorized to use deadly force. Could you help me with your point about permitted and authorized are not the same? I guess the opposing counsel said there's a state court case that said they are for purposes of is there a California case that has made a distinction between authorized and permitted? Because obviously, Dwayne is always, you can't just find some sort of distinction. You have to find at least one case where it made a difference. Absolutely. Dwayne is very clear. You can't imagine something, right? This is beyond merely imagining. Can you point a case out where it made a difference? I cannot, Your Honor. I can point the statute out, which says that the state of California knows there's a difference. In other words, again, this is not imaginary because they could be applied in this way, because the state of California, the legislature of the state of permitting, because they do have to list- What difference does it make in the perjury context? Because the California perjury statute says an oath or a certification where certification is permitted by law, the BIA says where it's authorized or required by law. I need to understand in the perjury context, what is the difference between it being authorized by law or permitted by law? You say you have no case on point where it's made a difference. That's correct, but that's not actually what Dwayne says. Dwayne says you don't have to point me to a case. You just have to show that it's realistic. It can be interpreted this way, and it can be because that's what it says. We know there's a difference between permit and we know there's a difference between permit and authorized because the California state legislature presumptively knows what it's doing. That notwithstanding, to go to the second part of your question is, what's the difference? I'm not forbidden from asking somebody to take an oath in front of me. Nobody says I can't. I could be outside and say, hey, give me an oath under penalty of perjury that you're not going to steal my car, but it doesn't become perjury unless I have that special authority, unless I've been given an authority or required to exercise in the context in which I'm exercising it. This is why me asking somebody to make an... Okay, just hold on a second. You froze. Mr. August, do we know what happened? Hi, Judge. He's still connected. There we go. Mr. Burke, you broke up quite a bit for about 15 seconds there, 15 or 20 seconds. Just to let you know, the courtroom deputy stopped the timer. Judge? I do apologize. I think the point that got missed is huge because your question, Judge Callahan, about... Has anyone been prosecuted for perjury where they made an oath or they made a certification before a random individual who was not authorized? Or has there never been a prosecution on that basis? Well, there hasn't been an appellate case that's been published. I can't tell you that. So no prosecutor is going to prosecute a person who swore under penalty of perjury before some random person standing on the street, I think is the point. That's what Dwayne Alvarez was getting, that even if you can make a definitional difference between the words, if it doesn't make a difference in any prosecution, then we're not going to see that as a distinction. Well, I love that. I mean, that actually is sort of my point here, which is to say you've got a range of things, right? All the way up to, I stood in court and I told the lie. Nobody's going to deny that that's perjury. All the way down to, hey, I told Burke that I, under penalty of perjury, I wasn't going to steal his car. Now we've got this range. Yes, but has it ever been a 118A violation? Let's assume... Maybe you want to go on to your next point. Let's assume that that's not going to make a difference because there isn't any case on point. Well, this is almost a case on point. This is, I filled out an application in front of the DMV. I didn't necessarily, I wasn't standing there. I wasn't taking an oath in front of anybody. I didn't even necessarily read the magic words, this is under penalty of perjury. Yeah, but that is different. You know that's important when you're doing it. You're asking to have a driver's license. There's all sorts of things there that you're agreeing to consent to having taken your blood alcohol if requested by a police officer. I mean, all over the place, it's not a right, it's a privilege. And that's a very, I mean, people covet driver's licenses. That's something that, so it's not, it just doesn't, it doesn't really correlate. Which is specifically why we ask the BIA, even if I were to argue later that we shouldn't be asking the BIA, but that's specifically why we asked the BIA, come up with a definition that has some certainty, that has some consistency, that has some parity among the states. Don't make us do this. Your job was to give us a workable definition. So the one thing that everybody agrees on, every state is, with one exception, is that there has to be, I'm sorry, with seven or eight exceptions, that there has to be some form of an official capacity, an official proceeding, et cetera, et cetera, et cetera. Okay, so the BIA's definition of PERC 3 is to require a showing that a person, A, make a material false statement, B, knowingly and willfully, C, under oath or affirmation. So why isn't that good enough? Because there's one more line in the definition, if my recollection serves. I have it served here. So under circumstance, let me see, I zapped it out. There's one more line in that definition where it's required or authorized by law. That's what's completely absent from the California statute. So, you know, if a DMV employee not authorized to take an oath says, hey, I'm not comfortable with the answers that you're giving me. Hold on, are you saying the DMV, which is a government agency that has a form that's requesting that people be truthful under penalty of perjury, is not an authorized legal document that you can just say whatever you want on that form without consequence? Well, I think in order to use that argument, the burden would be on the government to show, hey, look, in this case, that was an authorized act, that was an official act. That language is required or authorized to be there from something in the law, but the California statute doesn't require that. That's not an element of the proof. Why is that language there? I don't know. I'm not sure I'm following your argument. I'm sorry? I'm not sure I'm following your argument because there are a lot of state agencies that license people. They have people fill out forms. They have to be truthful to get some licensed privilege to be able to drive, to be able to perform some kind of occupation. They're not put under oath. They fill out the forms under penalty of perjury. Those organizations and agencies are authorized to do it that way. So what's wrong with that? I feel like I have a disconnect with why you're saying this is not clear. Your question is, with this presumption sitting in the middle of it, these agencies are authorized to do that, or are they permitted to do that? Is there a specific authorization in the law that says this agency can put that perjury language in such that somebody would go to state prison for doing it? It's not just nothing says we can't. That's permission. Where does the law say you can? In California, it's an irrelevancy. Where does the law say you're authorized or required to do this? In California, that's an irrelevancy. It doesn't matter. If the law doesn't say I can't, as an agency, right, then, boom, penalty of perjury attaches. Even if the state legislature didn't specifically give an authorization, right, or didn't specifically make it a requirement, that agency can now say, hey, let me add this language because it has this magic word. I can now subject somebody to prison. Well, I don't see, you're under, you've gone under two minutes. Oh, I'm so sorry. No, why don't we hear from the government, and then I'll give you two minutes for rebuttal after that, and possibly, I think this, I feel like, unless either of my colleagues wants to further dig in on this argument, I think, I'm not, I don't know whether we agree with your position, but I think you've articulated your position. So let's hear from the government, and then you can respond to that, and I'll give you two minutes on that, even though you're, you don't quite have two minutes left, okay? Thank you, Your Honor. Thanks. Good afternoon, Your Honors. May it please the court, can you hear me okay? We can. Great. This is Jessica Dogger, and I represent the Attorney General in this proceeding. This court should conclude that the board's articulation of the INA's generic definition of perjury is entitled to Chevron deference because it does encompass the contemporary usage of the term perjury. And then second, in comparing... Well, when the BIA certified state and federal perjury law in matter of Alvarado, why wasn't the BIA limited to adopting a definition that was consistent with the definition utilized by most, if not all, of the states? Well, I'd like to walk you through the definition a little bit to explain that the board's definition is actually consistent with all of the states. And so I think there's a little bit of confusion in the way that it's been portrayed in the different footnotes within the board's decision. But the important point that I would like to refer the court to is the sentence in the board's decision that talks about no meaningful distinction between an official proceeding and one where an oath is authorized as part of the proceeding. In that paragraph, the jump site is pages 899 and 900 in Alvarado. In that paragraph, there are several footnotes that reference the different states and whether the states use the term official proceeding or proceeding or authorized as part of the law. If you look at each of those states, they all involve the same thing. For example, of the 19 states that use the term official proceeding, either the statute itself or the state's definitional statute defines official proceeding, and almost all of them have the exact same language. And they all say any legislative, judicial, administrative, or other government agency or official authorized to hear evidence under oath. Some of the states then go on and explain who that would include. For example, a referee, a hearing examiner, a notary, a parole revocation judge, or other person taking testimony or depositions. One state, Missouri, describes a public body that is authorized to administer oaths. So even though the word official proceeding is used in those 19 states, they all mean the same thing. And a body of agency, government agency, legislative agency, judicial agency that can take the oath and that somebody provides a statement that is supposed to be true under that oath. So while there's a distinguishing in whether the term is official proceeding. Ms. Doggart, does the BIA's definition of perjury extend to a situation where a person makes a representation under oath, even where the applicable state laws are silent as to the need for an oath or affirmance? I don't think so, because the board's definition specifically says that, well, there's actually two parts to the answer. One is no, the board's definition requires that an oath be authorized or required by law. So it has to be a situation in which the state law or federal law has authorized an individual to take the oath and take a statement under oath, whether it's written or oral. The second component is perhaps an explanation to the discussion about permissive versus authorization. And the materiality component of perjury is the same across jurisdictions. It's called sometimes material false statement or just a material statement, but the reality is that the statement has to be material to the proceeding that it's in. So, for example, it would have to be a proceeding, somebody were testifying in a criminal trial in district court. They could not be prosecuted in state court in a different state for the perjury committed in that district, in that federal district. It would be the same that if somebody submitted a lie under penalty of perjury to the DMV, the government agency in charge of land use could not claim that as a perjurous statement. It has to be submitted and material to the statement that it's being offered for. Can you address the fact that the language in 1101-8843-S refers to an offense relating to perjury rather than a perjury offense? And how the relating to language, which we've said broadens, requires us to look more broadly at the definition. How does that relate to our analysis here? Are we looking at perjury written large or are we looking for offenses that may not be directly on point perjury but relate to perjury? Help me understand that piece. Sure. So again, I think my answer might have two parts, so bear with me for a second. The first part is that relating to generally refers in the INA to a category of crimes. So there's a good paragraph in the Rodriguez Valencia case, and I have the site for you. It's 652 F3rd 1157. That's a 2011 case. And in that case, it's talking about relating to forgery and counterfeiting. And it talks about offenses that could have a different name. So in that case, it was unauthorized intimidation of a trademark. And that wasn't the same term as forgery or counterfeit, but it was an offense that related to that, and the underlying elements were the same. So they still, that they being the court, still looked to whether or not the elements were a match. And that's what the court has to do here. So I think relating to doesn't necessarily have any effect in this case because we're comparing perjury to perjury. But if you look at 1101A43S as a whole, it talks about perjury, subordination of perjury, obstruction of justice, bribery of a witness. And the section as a whole would be any offense relating to that category of crimes would That does not absolve the court from looking to the board's generic definition of perjury and then comparing the California Penal Code 118 to that generic definition. Does that answer your question? Yes, it does. Thank you. Can you address opposing counsel says, yes, but in California, a oath or a certification need only be permitted. And so it criminalizes more conduct than the generic federal definition provided in matter of Alvarado. Well, I disagree respectfully with that. If you look at the California statute, it says permitted by law of the state. So there's a law of the state that permits that oath to be taken. I think permitted and authorized are synonymous in this situation. And I would relate back to your questions about Duane DeSalvas. There's no cases that could possibly demonstrate that someone would be convicted of perjury for a situation in which an oath was not authorized under the statute. It has to be there has to be a material author. It has materiality required. Falsity is required. A willful statement is required and authorization or law permitting that oath to be taken is required. So there's no way around it. It has to happen. I would like to just point out additional questions so you can proceed with your argument as you see fit. OK, thank you. I just wanted to point out and I have just a couple more points to note. But in addition to looking at the state statutes, the board engaged in the proper analysis and it looked at the federal statute, the model penal code, scholarly commentary, and all of those sources all have the same common denominators. A willful, false, material statement under oath or affirmation in an official setting. And that's exactly the definition of the board that came up with. And so under the required analysis, this court should defer to that definition of perjury. In comparing the two statutes, we've already discussed some of this, but I'll just go through a little bit of it in case there are any additional questions. The California state statute does categorically match that generic definition. It has all of the same components. A material statement, the statement has to be false, the statement has to be knowing or willful, it has to be under oath or affirmation, and the oath has to be authorized. The word permitted is used, but it has to be permitted under law. So the law has to provide for it in some way. If you look at the jury and stuff. Well, let me ask you this then. If a different provision of California law suggests that a lack of competence is not a defense to a charge of perjury under 118A, does this affect whether 118A is a categorical match to the federal definition of perjury? No, because it still has to be a willful false statement. So even if competency is not a defense, the prosecutor would still have to prove the willful false statement in order for perjury. It's a specific intent crime. So it would still, I don't see how competency would have any effect on that. Okay. And in addition, because there was one other point that I wanted to make, and it wasn't necessarily brought up in this case, but I just pulled up the briefs in the other two cases that are in front of you. Not only is the California statute a specific and not general intent crime, but the falsity is an element. It has to be an actual false statement. There are no convictions for perjury if the statement is not false. So I just wanted to make sure that that point was clear, that even though the state statute says no's to be false, actual falsity is a requirement. So in one of the other cases, they reference Cal Penal Code section 125, which says the statement doesn't have to be false. You just have to not know whether, you have to make an unqualified statement without knowing whether it's true or false. How does that affect? Yeah. Well, so I did a little bit of digging on that, and I think it's a Duenas argument there in that there are no convictions if the statement is not actually false. If you look at the Hagen case that the government cites in its brief in that particular case, it specifically states falsity as an element. So I think, and I do have the site for that. That's 967P2D563, and that's a California Supreme Court case. And it says that California Penal Code 118 requires falsity. And it's a central traditional element of perjury that falsity be an element that must be proven. And that goes to materiality and willfulness. All of these elements overlap to the extent that in order to be convicted of perjury under California or most other, all other states, the model penal code, the federal statute, an individual has to provide a false statement that's material to the matter before the agency or the official setting has to be a knowing or willful statement and has to be under oath or affirmation. And once all of those requirements are met, it's a generic match. Or it's a match to the generic definition, excuse me. We don't have additional questions. So if you don't have any, you're not required to say any more. Thanks. I do not have anything else other than just to sum up in that I think that the generic definition of perjury is entitled to Chevron deference in this case. And the California Penal Code is a match to the generic definition. And for that reason, we request that the court deny the petition for review. Thank you. All right. Council, you have two minutes. Okay, we can't hear you. Are you muted? I did mute myself for her argument. Okay, unmute yourself. There we go. I apologize for that. So, you know, it keeps coming back to the same issue, the same issue, the same issue. And that is, if it's permitted, is it the same as being authorized or required under the state of the law? Government says, hey, look, Burke can't cite me a case. Burke is saying, look, if there's a reasonable probability it can be applied this way, then I don't really have to show you a case because that's the standard reasonable probability. The standard isn't show me a case. The statute is designed such that you can't really challenge a conviction based upon this as a permissible versus a mandatory or authorized oath. You can't. It's absent in the statute. It's absent in the jury instruction, which I think the jury instruction was actually cited by the government. But in the jury instruction, it says it uses the permissive language rather than the authorized or required language. And authorization and permission are two different things. But I want to come back. You haven't asked me a lot about it, but I really, I do think that coming up with a good, real, viable, generic definition of something of this nature, especially when it carries these consequences, is something where the court could use a lower level, a skid more or less level of scrutiny because this has application in crimes as well. Because of the 16-point aggravated felony enhancement that comes up under federal sentencing guidelines. So when they do something where they're saying, well, we're taking a statute and we're saying authorized or required, but really we mean permissive. And if there were a state in which it was permissive and there was a case on it and says it doesn't have to be authorized, they would say, but you see, it really fits because authorized. You know we're not doing that categorical analysis anymore in sentencing guidelines, the 16-point aggravated felony. We're doing it now based on the term that the person got, thank God. So yeah, but the point is it comes up, right? No, it doesn't anymore. We don't use that anymore. In that case, I'm being old fashioned in my argument, Your Honor. All right, well, you've got an additional half minute over your time. So I'm going to ask you, wrap up in 10 seconds. I would actually submit. I don't need the 10 seconds, Your Honor. All right, thank you so much both for your arguments. This matter will stand submitted on the brief.
judges: Callahan, Ikuta, Bencivengo